# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x

VICTOR LORENZANA,

                     Plaintiff(s),

-against-

DELTA AIRLINES, INC.,

                     Defendant(s).

-----------------------------------------------------------------x

**SUMMONS**

*Index No.:*
*Date Purchased:*

*Plaintiff designates* Bronx County as the place of trial

*Basis of Venue:* Plaintiff's residence

*Residence of Plaintiff:*
1523 Jarvis Avenue
Bronx, NY 10161

To the above-named Defendant(s):

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 21, 2021

SACKS & SACKS, LLP

By: DAVID H. MAYER, ESQ.
*Attorney(s) for Plaintiff(s)*
Office and Post Office Address
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

Defendant(s) Address(es):

**DELTA AIRLINES, INC.**
1030 Delta Boulevard
Atlanta, Georgia 30320

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
VICTOR LORENZANA,

                              *Plaintiff(s)*,          **VERIFIED COMPLAINT**

       -against-

DELTA AIRLINES, INC.,                          **Index No.:**

                              *Defendant(s).*

-------------------------------------------------------------------------X

Plaintiff, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully alleges as follows:

**FIRST**:       That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** wad and still is a foreign corporation duly organized and existing to perform work and to conduct business in the State of New York.

**SECOND**:       That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** was and still is the owner of premises under construction located at the LaGuardia Airport, more specifically the new Delta Terminal, in the Borough of Queens, City and State of New York.

**THIRD**:       That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** was and still is the lessee in possession of the aforesaid premises

**FOURTH**:       That at all times herein mentioned, non-party Port Authority of New York and New Jersey entered into a long-term contract with defendant, **DELTA AIRLINES, INC.** for **DELTA AIRLINES, INC.** to lease the aforesaid premises

**FIFTH:**       That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** was the general contractor/construction manager for the work at the aforesaid premises.

**SIXTH:**       That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** entered into a contract with IDA for IDA to perform work, labor and services at the aforesaid premises.

**SEVENTH:** That on the 4th day of June 2019, while plaintiff, **VICTOR LORENZANA** was

lawfully upon the aforesaid premises as an employee of the aforesaid IDA he was caused to sustain serious and severe injuries.

**EIGHTH:** That the occurrences aforesaid were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendant, their contractors' agents and employees were negligent in the ownership, operation, management and control of the aforesaid premises. While plaintiff was lawfully performing his duties he was caused to sustain serious injuries due to slipping hazards and uneven hazardous grounds thereat; Defendant, their contractors, agents and employees were negligent in the ownership, management and control of the aforesaid premises and allowed surfaces to be and remain hazardous and wet, uneven, filled with holes, debris, not leveled; further failed to ensure that dangerous areas were closed off and barricaded; further failed to man the jobsite sufficiently with laborers for the cleanup of debris and unsafe conditions, and other refuse; further, failed to provide proper illumination thereat; further, failed to provide rigging devices thereat, forcing workers to carry this overweighted load; further, violated Sections 200, 240, 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically but not limited 23-1.5 (and all sub-sections), 23-1.7(and all sub-sections), 23-1.22(and all sub-sections), 23-1.23(and all sub-sections), 23-1.25(and all sub-sections), 23-1.28(and all sub-sections), 23-1.30, 23-2.1(and all sub-sections), 23-2.2(and all sub-sections), 23-2.3(and all sub-sections), 23-2.4(and all sub-sections), 23-4.1(and all sub-sections), 23-4.2(and all sub-sections), 23-2.6 (and all sub-sections), 23-8 (and all sub-sections), Article 1926 of the O.S.H.A and was otherwise negligent, careless and reckless causing plaintiff to sustain serious and severe injuries.

**NINTH:** Plaintiff was free from comparative fault.

**TENTH:** As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**ELEVENTH:** The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands relief against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

SACKS & SACKS, LLP

By: DAVID H. MAYER, ESQ.
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **DAVID H. MAYER,** am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

DATED:   NEW YORK, NEW YORK
         September 21, 2021

                                              _____
                                              DAVID H. MAYER, ESQ.